CHRISTIANSEN, Judge
(concurring in part and dissenting in part):
[18 I concur in the lead opinion's conclusion that the trial court did not abuse its discretion in determining the amount of court-ordered restitution that Ruiz must pay. I disagree, however, with the lead opinion's determination that in calculating complete restitution, the trial court failed to sufficient ly examine how Victim's preexisting conditions impacted her need for nine months of intensive inpatient treatment. In my view, the Crime Victims Restitution Act (the Act) should be liberally construed to accomplish the purpose of making crime victims whole for the harms they suffer because of a defendant's criminal conduct. See Utah Code Ann. §§ 77-38a-101 to -601 (LexisNexis 2012). The current version of the Act defines pecuniary damages as "all demonstrable economic injury, whether or not yet incurred, which a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities." Id. § 77-382-102(6) (2012). While the lead decision correctly points out that complete restitution is that amount necessary "to compensate a victim for all losses caused by [a criminal] defendant," I believe the trial court correctly determined that complete restitution in this case amounted to the entire cost of the therapy provided to Victim. See id. § T7-382-302(2)(a).
*229 T19 In my view, the record supports the trial court's determination that Ruiz's criminal actions were the cause of Victim's need to participate in inpatient treatment and that Ruiz should pay for the entire amount of that treatment. Victim's treatment records demonstrate that her need for professional mental health treatment in an inpatient setting was necessitated by Ruiz's illegal actions. In other words, the need for and expense incurred in seeking inpatient treatment for Victim would not have been required at that time but for Ruiz's sexual assault on her. Victim's treatment records also demonstrate that it took her longer to engage in the therapeutic process due to the trauma she suffered following the incident with Ruiz. And "(bly the time Victim left La Europa, she was still struggling to process the incident with Ruiz." See supra 13. That Victim may have had preexisting mental health issues or a more vulnerable psyche at the time of Ruiz's assault should not bar Victim and her family from being fully compensated for all of the pecuniary damages they incurred because of Ruiz's criminal behavior. In this context, the treatment Victim received for any preexisting mental health conditions and the treatment Victim received to aid in her recovery from Ruizg's criminal conduct seem to be interrelated.
¶ 20 In State v. Behnke, 203 Wis.2d 43, 553 N.W.2d 265 (App.1996), the Wisconsin Court of Appeals grappled with a similar restitution issue. Id. at 272-73. There, the defendant was convicted of false imprisonment, battery, and sexual assault. Id. at 268. On appeal, he argued that the restitution amount he was ordered to pay should be reduced because at least some of the victim's mental health expenses were for a preexisting condition stemming from prior abuse she suffered before the defendant's assault. Id. at 272. The court acknowledged that it was the victim's burden to prove that the defendant's actions caused her injuries, but found that the victim successfully did so and ordered restitution in the full amount of the victim's therapy costs. Id. at 273. "[The victim] proved that [the defendant] attacked her and that as a result of her attack, her mental health regressed and she had to return to a mental health setting." Id. The court noted "that if the defendant's actions were the precipitating cause of the injury complained of, and such injury was the natural consequence of the actions, the defendant is liable, although the victim's preexisting condition might have aggravated the injury." Id.
121 Here, the evidence submitted at the restitution hearing similarly revealed that Victim had preexisting mental health conditions that may have left her more vulnerable to Ruiz and which may have contributed to her emotional distress following his eriminal act. Based upon the record, in my opinion, the trial court correctly found a sufficient causal nexus between Ruiz's criminal conduct and all of Victim's pecuniary damages. Thus, I would affirm the trial court's complete restitution award.